**United States District Court**
**Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| Sayers Construction, LLC, | § § § | |
| *Plaintiff* | § § | |
| v. | § § | Case No. 6:19-cv-00487 |
| Timberline Construction, Inc. and High Voltage, Inc., | § § § § | **Jury Trial Demanded** |
| *Defendants* | § § | |

**Plaintiff's Original Complaint and Application to Vacate Arbitration Award**

Plaintiff Sayers Construction, LLC ("Sayers") files this Complaint and Application to vacate the June 13, 2019 Final Arbitration Award (the "Award") issued by Arbitrator John S. Vento in *Timberline Construction, Inc. and High Voltage, Inc. v. Sayers Construction, LLC*, American Arbitration Association Case No. 01-17-0001-9546 (the "Arbitration").[1] Sayers shows the following in support:

## PARTIES

1. Sayers is a Texas limited liability company with a principal place of business at 104 East Martin Luther King Drive, San Marcos, Texas 78666.

2. On information and belief, Timberline Construction, Inc. ("Timberline") is a corporation organized and existing under the laws of the State of South Dakota, having a principal place of business at 2326 Dyess Avenue, Rapid City, South Dakota 57701. Since Timberline does not have a designated agent for service of process in this state despite engaging in business in this state, does not have a regular place of business in this state, and the lawsuit arises from Timberline's business in this state, it may be served through the Texas Secretary of State, Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701,

---

[1] A copy of the Award is attached as Exhibit A.

who will then forward service of process to Timberline's home office located at 2326 Dyess Avenue, Rapid City, SD 57701-9802, among other means.

3.     On information and belief, High Voltage, Inc. ("HVI") is a corporation organized and existing under the laws of the State of Utah, having a principal place of business at 871 East Main St., Vernal, Utah 84078. HVI is registered to do business in Texas and may be served through its registered agent, Northwest Registered Agent, 700 Lavaca St., Suite 1401, Austin, Texas 78701, among other means.

## FACTUAL BACKGROUND

4.     On April 4, 2017, Timberline submitted a demand for arbitration to the American Arbitration Association ("AAA"). Through the arbitration, Timberline sought payment from Sayers for invoices previously submitted to Sayers in this District.

5.     Timberline submitted its arbitration demand to the AAA and directed a copy of its demand to Sayers in this District. In its demand, Timberline contended it was entitled to arbitrate its claim for payment pursuant to a Master Agreement for Contract Services signed by it and Sayers (the "MSA").[2] The MSA culminated from Timberline employees' efforts to seek out and work with Sayers.

6.     Timberline was introduced to Sayers by two of Timberline's employees, Dan Reid and Tom Duffy. At all times relevant to this Complaint, on information and belief, Reid resided in Idaho and Duffy resided in Iowa.

7.     Months before they started working for Timberline, Reid and Duffy solicited employment with Sayers. During the course of their efforts to obtain employment with Sayers, Reid and Duffy traveled to and met with Sayers' founder and CEO Mark Sayers in Texas. Sayers declined their requests.

---

[2] A copy of the MSA is attached as Exhibit B.

8. Despite not securing employment with Sayers, Reid and Duffy learned Sayers was looking for contractors to help it with a particular project worth millions of dollars (the "Project"). They subsequently used that information to their advantage.

9. After meeting with Sayers in Texas, Reid and Duffy disclosed to Timberline (who they were not employed by at the time) the potentially lucrative Project with Sayers. Timberline then hired Reid and Duffy. After Timberline hired Reid and Duffy, Timberline solicited Sayers to hire it to work on the Project.

10. During its efforts to convince Sayers to contract with it to work on the potentially lucrative Project, Timberline owner, Mark Langduth, signed a nondisclosure agreement proposed by Sayers. At all times relevant to this Complaint, Langduth was a resident of South Dakota. After Langduth executed Sayers' non-disclosure agreement, Sayers transmitted confidential business information to Timberline from this District.

11. Thereafter, Timberline continued its efforts to solicit work on the Project.

12. In March 2016, Timberline and Sayers executed the MSA. Mark Sayers executed the MSA on behalf of Sayers while physically present in this District. On information and belief, Langduth executed the MSA on behalf of Timberline while physically present in South Dakota.

13. After executing the MSA, Sayers learned that HVI had entered into a joint venture with Timberline to work on the Project. Thereafter, HVI invoiced Sayers for work it performed in connection with the Project. Any services completed by Timberline or HVI under the MSA required issuance of a valid, written Work Order and Purchase Order from Sayers' office in this District, and the acceptance or rejection thereof had to be returned in writing to Sayers' office in this District. To receive payment for services rendered under the MSA, Defendants were obligated to invoice Sayers in this District no later than "the month following the month in which the Services were performed[,]" and the "failure by [Defendants] to provide an acceptable invoice within sixty (60) days after the month such work was performed" precluded Defendants "from invoicing for such performed Services."

14. All of HVI's invoices to Sayers state they were issued from HVI in Vernal, Utah. And all of HVI's invoices state they were directed to Sayers in this District.

15. In response to HVI's invoices submitted to Sayers in this District, Sayers made 27 payments to HVI, totaling $2,803,543.85. Sayers made all of these payments via either check or wire to HVI in Utah. All of Sayers' payments were made from its bank account in this District.

16. During the course of the Project, a dispute arose over HVI and Timberline's entitlement to payment from Sayers from this District in connection with invoices submitted by HVI to Sayers in this District. That dispute led to Timberline's filing of its arbitration demand.

17. During the course of the arbitration, the arbitrator issued two interim awards and a final award.[3] On June 13, 2019, the arbitrator issued the Award, which confirmed and incorporated by reference the interim awards and awarded additional relief to HVI and Timberline. The Award was issued in the arbitrator's capacity as a representative of the AAA.

18. The MSA specifies that it "shall be governed by, subject to, and construed in all respects in accordance with the laws in the State of Texas." Timberline and HVI conceded during the arbitration that this provision in the MSA is binding and applicable, and the arbitrator exclusively applied Texas law in issuing the Award. Indeed, the arbitrator found that Sayers, HVI, and Timberline all agreed that Texas law applies to the MSA.

19. Timberline and HVI both conduct substantial business in Texas. For example, HVI's business in Texas is so extensive that it maintains an office in Barstow, Texas, which is in this District. And, on information and belief, Timberline has solicited millions of dollars in projects to be constructed by it in Texas.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the action is between subjects of foreign states and the amount in controversy exceeds $75,000.

---

[3] On February 25, 2019, the arbitrator issued a "Reasoned Arbitration Award," and on May 15, 2019, he issued a "Second Interim Arbitration Award."

21.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted by Timberline and HVI in the underlying arbitration occurred in this District. Venue also is proper in accordance with 28 U.S.C. §§ 1391(b)(1), (c)(2), and (d) because both Timberline and HVI would be subject to personal jurisdiction in this District if this District were a separate state. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because either Timberline or HVI is subject to personal jurisdiction in this District.

22.     Based on their contacts with Texas and this District described above, Defendants are subject to the Court's specific personal jurisdiction, and the exercise of such jurisdiction will not offend traditional notions of justice and fair play.

## COUNT I

### MOTION TO VACATE THE ARBITRATION AWARD

23.     Sayers incorporates by reference and realleges the preceding paragraphs.

24.     Sayers moves the Court to vacate the Award issued in the arbitration between Sayers and HVI and Timberline, and in support thereof will be filing a motion to vacate.[4]

25.     Sayers moves the Court to vacate the Award in accordance with Texas Civil Practice & Remedies Code §§ 171.088(a)(2)(A), (a)(2)(C), (a)(3)(A), and (a)(3)(D), as well as 9 U.S.C. §§ 10(a)(2), (a)(3), and (a)(4).

### DEMAND FOR JURY TRIAL

26.     Pursuant to Rule 38, Sayers demands a trial by jury of any issues so triable by right.

### PRAYER FOR RELIEF

Sayers respectfully requests that the Court vacate the Award and grant it any other relief to which it may be justly entitled.

---

[4] Sayers intends to conduct discovery to determine additional facts the arbitrator and Timberline and HVI failed to disclose.

August 22, 2019                                   Respectfully submitted,

**GRIFFITH BARBEE PLLC**

/s/ *Casey Griffith*
_____

Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com

Michael Barbee
Texas Bar No. 24082656
Michael.Barbee@griffithbarbee.com

Maeghan Whitehead
Texas Bar No. 24075270
Maeghan.Whitehead@griffithbarbee.com

One Arts Plaza
1722 Routh St., Ste. 710
Dallas, Texas 75201
(214) 446-6020 | main
(214) 446-6021 | fax

-and-

**NIX PATTERSON LLP**

Derek Gilliland
Texas Bar No. 24007239
dgilliland@nixlaw.com

P.O. Box 4203
Longview, Texas 75601
(903) 215-8310 (Telephone)

**Counsel for Plaintiff**