# Exhibit 26

TIMBERLINE CONSTRUCTION, INC. and
HIGH VOLTAGE, INC.

     Claimants,                       Case No.: 01-17-0001-9546

v.

SAYERS CONSTRUCTION, LLC

     Respondent.

_____ /

## **SECOND INTERIM ARBITRATION AWARD**

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above named parties and dated March 2, 2016, and having been duly sworn, and having heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated February 25, 2019, hereby make this Second Interim AWARD as follows:

## I.    **PROCEDURAL HISTORY**

This matter on the amount of legal fees and costs to be awarded to TIMBERLINE CONSTRUCTION, INC. ("Timberline") and HIGH VOLTAGE, INC. ("HVI"), has come before me for determination. The relevant procedural history follows.

1.  I entered an Interim Arbitration Award on 25 February 2019, which, in relevant part, established a procedure for awarding the *amount* of legal fees and costs to Timberline/HVI as the prevailing party in this Arbitration by directing Timberline/HVI to:

> "submit to the undersigned for an *in camera* review, for its legal fees and costs in the form of invoices, accounting records, and related costs, expert fees and costs, for which Timberline/HVI is seeking recovery as the prevailing party. Counsel for Timberline/HVI is directed to provide this information, in redacted form, to counsel for Sayers. After submission, the Parties are directed to negotiate and attempt to reach an agreement on Timberline/HVI's prevailing party legal fees and costs award. The Parties may, but are not required to, mediate this matter. If the Parties do not agree on the amount of legal fees and costs to be awarded Timberline/HVI within thirty (30) days from the date of the Award, or otherwise fail to schedule a mediation within that time, I will review the submitted documentation and, in my sole discretion, issue a second award as part of this proceeding covering Timberline/HVI's prevailing party legal fees and costs within sixty (60) days from the date of this award. I reserve the right to request additional information from both parties, including the amount of Sayers' legal fees and costs relating to this proceeding, and to schedule a separate hearing, if necessary, in my sole discretion, to issue a second award for Timberline/HVI's prevailing party legal fees and costs."[1]

2.  As directed, Timberline/HVI provided me with *unredacted* records of its legal fees and costs, and provided *redacted* legal fees records and costs records to counsel for Sayers, Mr. Clarke. Mr. Clarke and his firm filed a motion to withdraw, which was granted, and the Griffith Barbee firm of Dallas, Texas, entered its appearance as new counsel for Sayers. In an

---

[1] I also retained jurisdiction on an excluded claim, damage, and causes of action arising out of or relating to Work Order 67000895, which will be subsequently addressed and is not a part of this Award.

April 19, 2019, Status and Scheduling Order, Sayers' new counsel was requested to provide by April 30, 2019, an analysis of Texas law concerning the recovery of fees and costs. Sayers' counsel complied with that Order. A response was provided by Timberline/HVI's counsel on May 7, 2019. In the Status and Scheduling Order of April 19, 2019, a hearing was set for Friday, May 10, at which time Sayers' counsel was to provide Sayers' reply to the amount of fees and costs sought by Timberline/HVI. By letter dated April 10, 2019, and at the hearing, counsel for Sayers stated that they had received legal fees and costs information from Timberline/HVI's counsel just that morning consisting of over 300 pages of documents which they had not had the time to review. I gave them additional time until Monday, May 13 at 1:00 PM Eastern for their review and to provide a reply on the amount of fees and costs. Counsel for Sayers provided a reply by letter dated May 13, 2019, objecting to any award of legal fees and costs for various reasons, most particularly that they were not providing a reply to the amount of fees because before they were retained Timberline/HVI did not provide redacted records to Sayers' previous counsel as ordered.[2]

---

[2] This argument is factually incorrect. *Redacted* records were provided as ordered to Sayers' previous counsel, who did not request *unredacted* records.

3.    Having considered the submissions of the Parties, and the materials presented to me, and having been duly sworn, having evaluated and determined the relevance, materiality, credibility and value of the evidence offered, and giving due weight to the legal arguments of counsel and the objections made by Sayers' counsel, I find and award as follows.

## II.    REASONED AWARD

4.    Sayers' objection to the rendering of an Award under Rule 36(d) is denied for the following reasons:  the first hearing in this matter with Sayers' new counsel was on April 19, 2019.  At that time, Sayers' counsel had the opportunity to raise with the Arbitrator and opposing counsel any objections to the procedure that had been established in the Interim Award, in as much as Sayers' previous counsel had raised no objection to that procedure. They also had the right to demand additional information needed to evaluate the requested award of legal fees, including any further evidence and/or to be provided with unredacted billing records.  While they made that request, and were told on April 22 that more documents were coming, no such documents were provided until May 10, 2019, but they never informed me that they had not received the records on or about April 22 – and certainly should not have waited until May 10 to inform me that they had not received the documents.  I gave them until Monday, May 13 at 1:00

4

p.m. Eastern to evaluate the documents and give me a reply on the amount of legal fees, but they failed to do so. I find, therefore, that Sayers' waived its right to object to the procedure established in the Interim Award and to any objection under Rule 36(d) that they did not have the opportunity to examine and respond to the evidence in support of an award.

## 1. COSTS TO BE AWARDED UNDER TEXAS LAW

5. All Parties agree that Texas law applies to the Contract. While Texas law correctly provides that evidence of the services performed should be submitted to the trier of fact, as stated in *Venture v. UTSW d/b/a Healthcare, LLP*, No. 16-0006, 2019 WL 1873428 (Tex. Apr. 26, 2019) that evidence was presented to me as the trier of fact since I received *unredacted* records and can and did determine from those records the particular services performed and the time it took to perform those services at the stated rates in the billing records. I am persuaded by the authorities cited by Sayers' counsel in their letter of May 10, 2019 in which they distinguish cases relied upon by Timberline/HVI for the recovery of expert fees, particularly *Thomas v. Prudential Sec., Inc.*, 921 SW. 2d 847 (Tex. App – Austin 1996, no writ) and *Diaz v. Diaz*, 350 S.W. 3d 251 (Tex. App. – San Antonio 2011, pet. denied), that expert fees are not recoverable in Texas law as either costs or expenses. As no other cases were cited by Timberline/HVI's

counsel that expert fees are recoverable, I am not awarding expert fees to Timberline/HVI as I am persuaded that expert's fees are not recoverable to the prevailing party under Texas law. Therefore I am not awarding Timberline/HVI its expert fees totaling $406,718.77.

6. I am similarly persuaded by the argument of Sayers' counsel in its letter of May 10 that the recovery of expenses, particularly travel expenses and meals, are also not recoverable under Texas law as the cases cited in support by Timberline/HVI's counsel are distinguishable and not applicable to this Arbitration. As such, I am not awarding the $56,590.78 labeled "Attorney Travel Expenses," "Expert Travel Expense," and "Client Travel Expenses."

7. I am awarding recoverable costs of $20,699.88, including expedited fees for the transcript of the hearing, because, unknown to counsel for Sayers, I requested that the hearing transcript be expedited so that I could have it available for the drafting of the Interim Reasoned Award.

## III. ATTORNEYS' AND PARALEGAL FEES

8. Both Parties agree that Texas follows the federal "Lodestar" method for determining the reasonableness of attorneys' fees. See, *El Apple I, Ltd. V. Olivas*, 370 S.W. 3d 757, 760 (Tex. 2012); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W. 2d 812, 818 (Tex.

1997), cases cited by counsel for Timberline/HVI and Sayers in their letters of May 7 and April 30, 2019, respectively. Under the *Lodestar* formula, the prevailing party may seek an enhancement of the base calculation, but Timberline/ HVI does not seek any such enhancement. Under the *Lodestar* calculation, when no enhancement is sought, to determine the reasonableness of attorneys' fees the number of hours reasonably expended on the dispute are multiplied by a reasonable hourly rate to determine the *Lodestar* amount.

9.   I find that the hourly rates of the attorneys who performed work for Timberline/HVI are reasonable and, in fact, are below the rates charged by attorneys of similar skill performing similar work in Coral Gables, Florida. See *Tollett v. City of Kemah*, 285 F. 3d 357, 368 (5th Cir. 2002). (A reasonable hourly rate is defined as the prevailing market rate for similar services by similarly trained and experienced attorneys in the relevant legal community). I am also persuaded that the amount of time that each of the attorneys spent on the case was reasonable given the number of issues, the complexity of the case, the number of documents and witnesses, and the length of the proceedings. Therefore, I award legal fees to Timberline/HVI in the amount of $855,503.50.

10.   Paralegals' fees are only recoverable if the paralegal performed substantive *legal*

work and was qualified to perform that work. *El Apple I, supra*; *All Seasons Window & Door Manufacturing, Inc. v. Red Dot Corp.*, 181 S.W. 3d 490, 504 (Tex. App. – Texarkana 2005, no pet.). Both of these cases hold that an award of attorneys' fees may include a legal assistant's time "to the extent that the work performed 'has traditionally been done by an attorney.'" (Citations omitted). These cases further hold that "the evidence submitted to the trier of fact must establish (1) the qualifications of the legal assistant to perform substantive legal work; (2) that the legal assistant performed substantive legal work under the direction and supervision of an attorney; (3) the nature of the legal work performed; (4) the legal assistant's hourly rate; (5) the number of hours expended by the legal assistant." (Legal citations omitted). This evidence was presented to me in the unredacted billing records of Timberline/HVI's counsel, at least for one of the paralegals, Derrick Calandra. Throughout the billing records Mr. Calandra performed legal research, communicated with the client, assisted in the preparation of deposition outlines, and performed other work "traditionally" performed by an attorney. There were instances in which Mr. Calandra performed paralegal work not traditionally performed by an attorney, and I have determined that 40% of Mr. Calandra's time was not spent on activities that attorneys would perform. Therefore, I am awarding 60% of the amount claimed for Mr. Calandra's fees,

or $75,118.20. I am awarding no paralegal fees for the other paralegals, since none of them performed work traditionally performed by an attorney and, as such, those fees are not recoverable under Texas law.

## SECOND INTERIM AWARD

Based upon the foregoing, I hereby enter a Second Interim Award in favor of TIMBERLINE CONSTRUCTION, INC. and HIGH VOLTAGE, INC., jointly and severally, and against SAYERS CONSTRUCTION, LLC for the following:

(1)    Costs in the amount of $20,699.88;

(2)    Attorneys' fees in the amount of $855,503.50;

(3)    Paralegal fees in the amount of $75,118.20,

**For a total Second Interim Award of $951,321.58, which Sayers Construction, LLC is ordered to pay Timberline Construction, Inc. and High Voltage, Inc., jointly and severally.**

This Second Interim Award is in full settlement of all claims for the amount of attorneys' fees and costs submitted to the Arbitrator to date. The Arbitrator retains jurisdiction to award additional administrative fees and expenses, along with legal fees, for the disposition of

WO6700895 which, by Stipulation of the Parties, will be decided later and is not decided in this

Award.

IT IS SO ORDERED.

Dated this *15th* day of May, 2019.

_____
John S. Vento, Arbitrator
American Arbitration Association